**KPX LLC, an Arizona limited liability company, Plaintiff–Appellee,**

v.

**TRANSGROUP WORLDWIDE LOGISTICS INC., a Washington Corporation; Transgroup Express Inc., a Washington corporation, Defendants–Appellants.**

No. 06–15554.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 21, 2008.

Gary Doyle, Esq., Bauman, Kelly, Doyle, Paytas & Bernstein, Phoenix, AZ, for Plaintiff–Appellee.

David F. Gaona, Esq., Gaona Law Firm National Bank Plaza, Phoenix, AZ, Marilyn Raia, Esq., Dan Lindahl, Samuel H. Ruby, Esq., Bullivant Hauser & Bailey, San Francisco, CA, for Defendants–Appellants.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

**MEMORANDUM** *

Transgroup Worldwide Logistics, Inc. ("Transgroup") appeals the district court's summary judgment award of $7,946 to KPX LLC ("KPX") on KPX's claim under 49 U.S.C. § 14704(a)(2) for Transgroup's alleged violations of the Motor Carrier Act ("MCA"), 49 U.S.C. § 13101, et seq. KPX

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alleged that a bill of lading issued by Transgroup for a shipment of KPX's scooter parts violated the MCA and that KPX was damaged after some of those parts failed to arrive at their destination.

The parties dispute whether 49 U.S.C. § 14704(a)(2) provides a private right of action and whether Transgroup's business practices violated the MCA. We need not resolve either of these questions. Even assuming that § 14704(a)(2) provides a private right of action and that Transgroup violated the MCA, KPX has failed to state a claim under § 14704(a)(2).

Section 14704(a)(2) says that "[a] carrier ... is liable for damages sustained by a person *as a result of* an act or omission of that carrier ... in violation of [the MCA]." 49 U.S.C. § 14704(a)(2) (emphasis added). KPX contends, and the district court held, KPX was damaged in the amount of its missing scooter parts, $7,946. What neither the district court nor KPX explained, however, was how KPX was damaged "as a result of" the alleged defects in the bill of lading. KPX's damages arose from the loss of its scooter parts, not defects in the paperwork surrounding the shipment. Because the only violations of the MCA alleged by KPX relate to Transgroup's bill of lading, and because those alleged violations were not the cause of KPX's loss, KPX has failed to state a claim under § 14704(a)(2). Accordingly, we vacate the judgment below and remand for dismissal.

VACATED AND REMANDED.